United States District Court
Eastern District of Michigan
Northern Division

United States of America,

    Plaintiff,

                               Hon. Thomas L. Ludington

v.

                               Case No. 23-20149

Edmond Ray Woodchisky,

    Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Edmond Woodchisky have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.**     **Count of Conviction**

The defendant will waive his right to an indictment and plead guilty to Count 1 of the information which charges the defendant with Attempted Enticement of a Minor to Engage in Criminal Sexual Activity under 18 U.S.C. § 2422(b).

**2.   Statutory Minimum and Maximum Penalties**

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | 10 years to life |
|---|---|---|
| | Fine: | Up to $250,000 |
| | Term of supervised release: | 5 years to life |

The defendant understands that Count 1 requires a mandatory minimum sentence of 120 months' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

**3.   Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against the defendant for the conduct reflected in the factual basis.

**4.   Elements of Count of Conviction**

The elements of Count 1 are:

1. The defendant intended to commit the crime of Enticement of a Minor to Engage in Criminal Sexual Activity under 18 U.S.C. § 2422(b); and

  2. The defendant did some overt act that was a substantial step toward the commission of that crime.

The elements of Enticement of a Minor to Engage in Criminal Sexual Activity under 18 U.S.C. § 2422(b) are:

1. The defendant knowingly persuaded, induced, or enticed an individual under the age of 18 to engage in unlawful sexual activity, that is, Sexual Exploitation of a Minor in violation of 18 U.S.C. § 2251(a);

2. The defendant used a means or facility of interstate commerce to do so; and

3. The defendant knew the individual was under the age of 18.

**5. Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

Beginning in February 2022 and continuing through March 7, 2022, in the Eastern District of Michigan, defendant, Edmond Woodchisky attempted to entice a minor to engage in criminal sexual activity, that is, sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) and committed an overt act that was a substantial step toward the commission of that crime.

Using the social media application SnapChat, Woodchisky engaged in a conversation with an 11-year-old female (MV1). Woodchisky communicated with MVI using the messaging function in the SnapChat application. During their communications, MV1 told Woodchisky she was 12 years old.

Woodchisky made plans to meet up with MV1 on February 21, 2022, and for her to come live with him. Woodchisky did not show for that meeting. After that point, MV1's mother took over the conversation, pretending to be her daughter.

During the ensuing chats, Woodchisky discussed having sex with MV1 and how he could get in trouble because of her age. Woodchisky asked for a nude photo and sent her a photo of his exposed penis. During the continued conversation about having sex with MV1, Woodchisky sent another photo of his exposed penis.

The mother, acting as MV1, and Woodchisky agreed to meet on the night of March 4, 2022. Woodchisky continued to discuss having sex with MV1 on that night. He sent her a video of him masturbating and again asked her for nude photos. At one point he asked, "do I get a picture of your beautiful pussy princess."

Woodchisky believed that he was communicating with a 12-year-old girl. He knowingly attempted to persuade, induce, or entice the girl to produce child pornography, which would have been criminal sexual activity under 18 U.S.C. § 2251(a), using the internet and a cellular telephone, both of which are facilities of interstate commerce. Woodchisky's chat messages, his repeated distribution to the assumed minor of nude photographs of himself, and his requests for photographs of the minor, including of her "pussy," constituted substantial acts in furtherance of the crime.

**6. Advice of Rights**

The defendant has read the Information, has discussed the

charges and possible defenses with his attorney, and understands the

Page 4 of **19**

crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I. The right to compel the attendance of witnesses at trial.

## 7. Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction

here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- 2G1.3(a)(3)

- 2G1.3(b)(3)(A): Use of computer or interactive computer service.

### D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F. Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or

factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

9. **Imposition of Sentence**

    A. **Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

    B. **Imprisonment**

        1. **Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the bottom of the defendant's guideline range as determined by the Court.

        2. **No Right to Withdraw**

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no

right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a five-year term of supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will

not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Restitution

Restitution is mandatory in this case. The Court must order restitution to every identifiable victim of the defendant's offense. 18 U.S.C. § 2259. Defendant agrees that MV1 is an identifiable victim of the offense of conviction and agrees to pay restitution to MV1 in an amount not less than $3,000. The Court will determine any amount of restitution over $3,000 at sentencing.

The defendant agrees that restitution is due and payable immediately after the judgement is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. § 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgement in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purposes of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

**F.     Forfeiture**

As part of this agreement, pursuant to 18 U.S.C. § 2428, defendant agrees to forfeit any property, real or personal, used or intended to be used to commit or to facilitate the commission of the charged offense or any property traceable to such property.

Specifically, Defendant agrees to forfeit the following property:

- Motorola MC360 cellular telephone

Defendant agrees that the subject property is forfeitable to the United States pursuant to 18 U.S.C. § 2428, as property involved in defendant's violations because the property was used to commit or promote the commission of the violation.

Page **12** of **19**

Following the entry of this plea agreement and upon application by the United States, defendant agrees to the entry of one or more orders of forfeiture of his interests in the above referenced property, including the entry of a Preliminary Order of Forfeiture, at or any time before, his sentencing. Defendant agrees that the forfeiture order will become final as to defendant's interests when entered by the Court.

Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Fed. R. Crim. P. 11(b)(1)(J).

Defendant expressly waives his right to have a jury determine forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

Defendant further waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G. Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

In addition, under the Justice for Victims of Trafficking Act of 2015, the defendant will be required to pay a special assessment of $5,000, due immediately upon sentencing. 18 U.S.C. § 3014. However, if the Court finds that the defendant is indigent, he will not be ordered to pay this amount.

### 10. SORNA

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he

resides, as well as any state where he has significant contacts (including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

**11.  Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 120 months, the defendant also waives any right he may have to appeal his sentence on any grounds.

**12.  Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to

challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

### 13. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 14. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal

Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**15. Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

**16. Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea

agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

**17. Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by **5:00 p.m. on March 3, 2023**. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

*Anthony P Vance*

Anthony Vance
Chief, Branch Offices
Assistant United States Attorney

*Katharine Hemann*

Katharine Hemann
Assistant United States Attorney

Dated: February 24, 2023

Page **18** of **19**

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
Elias Escobedo
Attorney for Defendant

_____
Edmond Ray Woodchisky
Defendant

Dated: 03/09/2023